Neil H. O'Donnell (State Bar No. 057928)
nodonnell@rjo.com
Lauren Kramer Sujeeth (State Bar No. 259821)
lsujeeth@rjo.com
**ROGERS JOSEPH O'DONNELL**
311 California Street
San Francisco, California 94104
Telephone: (415) 956-2828
Facsimile: (415) 956-6457

Attorneys for Plaintiff
CGI FEDERAL INC.

Ann Marie Mortimer (State Bar No. 169077)
amortimer@HuntonAK.com
Kirk A. Hornbeck (State Bar No. 241708)
khornbeck@HuntonAK.com
Brandon Marvisi (State Bar No. 329798)
bmarvisi@HuntonAK.com
**HUNTON ANDREWS KURTH LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: 213 • 532 • 2000
Facsimile: 213 • 532 • 2020

Attorneys for Defendant/Counterclaimant
AEROJET ROCKETDYNE, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CGI FEDERAL INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>AEROJET ROCKETDYNE, INC., an Ohio Corporation,<br><br>Defendant | Case No.:  2:20-CV-01781-JAM-KJN<br><br>**STIPULATED PROTECTIVE ORDER** |
| AEROJET ROCKETDYNE, INC., an Ohio Corporation,<br><br>Counterclaimant,<br><br>v.<br><br>CGI FEDERAL INC., a Delaware Corporation<br><br>Counterclaim-Defendant. | Complaint Filed:   September 3, 2020<br>FAC Filed:          November 18, 2020 |

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

The parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"):

**1.     INTRODUCTION**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public disclosure and use extends only to the limited information that is entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge that this Order does not entitle them to file Protected Information under seal; Civil Local Rule 141 sets forth the procedure that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**2.     DEFINITIONS**

Capitalized terms not otherwise defined in this Order shall have the following meanings:

2.1     "***Acknowledgment and Agreement to Be Bound***" means an acknowledgement and agreement identical in substance to the document attached hereto as <u>Exhibit A</u>.

2.2     "***Challenging Party***" means a Party or Non-Party that challenges the designation of information under this Order.

2.3     "***CONFIDENTIAL***" means information (regardless of how it is generated, stored, or maintained) or tangible things information that the Designating Party in good faith believes is entitled to protection under Federal Rule of Civil Procedure 26(c).

2.4     "***Counsel***" means Outside Counsel and In-House Counsel.

2.5     "***Designating Party***" means a Party or Non-Party that designates information that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.6     "***Disclosure***" or "***Discovery Material***" means all information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony,

**Hunton Andrews Kurth LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 "*Expert*" means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, as well as such Expert's support staff.

2.8 "*Final Disposition*" means the later of (1) dismissal of all claims and defenses in this action, with or without prejudice or (2) final judgment in this action after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

2.9 "*HIGHLY CONFIDENTIAL*" means information that qualifies as "CONFIDENTIAL" and includes information that contains competitively sensitive Discovery Material of the Designating Party, the disclosure of which may result in competitive harm that cannot be avoided by less restrictive means.  This designation should be limited to any non-public documents or information pertaining to a customer, client, or other third party to whom the Designating Party reasonably believes it owes a duty of confidentiality.

2.10 "*In-House Counsel*" means attorneys and their support staff who are employees of a Party to this action.

2.11 "*Non-Party*" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12 "*Outside Counsel*" means attorneys and their support staff who are not employees of a Party and who are retained to represent or advise a Party in this action and/or have appeared in this action and/or are affiliated with a law firm that has been retained to represent that Party or has appeared on behalf of that Party in this action.

2.13 "*Party*" means any party named in this action, including all of its officers, directors, owners, employees, consultants, Experts, and Outside Counsel.

2.14 "*Producing Party*" means a Party or Non-Party that produces Disclosure or Discovery Material in this action.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

2.15   "***Professional Vendors***" means persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; jury consulting; and organizing, storing, or retrieving data in any form or medium); their employees and subcontractors; and, in the case of jury consultants, any participants in any mock trial or jury research.

2.16   "***Protected Information***" means any Discovery Material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" as defined herein.

2.17   "***Receiving Party***" means a Party that receives Disclosure or Discovery Material from a Producing Party.

2.18   "***SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations***" means information that the Designating Party in good faith believes to be subject to the export and import control laws and regulations of the United States, including, but not limited to, the U.S. Arms Export Control Act, as amended, 22 U.S.C. §§ 2751–2799, the International Traffic in Arms Regulations, as amended, 22 C.F.R. §§ 120–130, the Export Administration Act, as amended, 50 U.S.C. §§ 2401–2420, and the U.S. Export Administration Regulations, as amended, 15 C.F.R. § 730 *et seq.*[1]  Despite the entry of this Order, the Parties expressly reserve their rights to challenge any designation.  If a dispute arises as to whether certain Discovery Material has been appropriately designated as "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations," the Parties will meet and confer regarding the designation and seek the intervention of the Court if necessary.

**3.   SCOPE**

The protections conferred by this Order cover: (1) Protected Information; (2) any information copied, derived, or extracted from Protected Information; (3) all copies, excerpts, summaries, or

---

[1]   For the avoidance of doubt, if a document produced in this action includes any marking to indicate that the document may be subject to import or export control that document shall be treated as "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations."

4

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

compilations of Protected Information; and (4) any testimony, conversations, or presentations by Parties, their Counsel or Experts that might reveal Protected Information. The protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

This Order does not govern the use of Protected Information at trial. Any use of Protected Information at trial shall be governed by the orders of the trial judge.

**4.      DURATION**

The confidentiality obligations imposed by this Order shall remain in effect, even after Final Disposition, until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.      DESIGNATING PROTECTED INFORMATION**

5.1      <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)      for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" as appropriate, to each document that contains Protected Information. The confidentiality designation will also be included in the metadata load file accompanying the produced document.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

available for inspection shall be deemed "HIGHLY CONFIDENTIAL" and "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix either the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" as appropriate, to each document that contains Protected Information.

(b)     with respect to transcribed testimony, that the Producing Party give notice to opposing counsel designating such portions (and exhibits thereto) as CONFIDENTIAL, HIGHLY CONFIDENTIAL, and/or SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" as appropriate, no later than forty-five (45) calendar days after receipt of the final transcript of the deposition, or by orally designating such testimony as CONFIDENTIAL, HIGHLY CONFIDENTIAL, and/or SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations on the record at the deposition or other proceeding at which it is given.  Until the forty-five (45) calendar day period expires, all deposition transcripts shall be treated as CONFIDENTIAL and SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations unless any party requests on the record that the deposition transcript be treated as Highly Confidential in which case the transcript shall be treated as HIGHLY CONFIDENTIAL and     SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations for the 45 day period. After the expiration of the 45-day period, the transcript shall be treated only as actually designated.  Should a party require additional time to designate portions of a transcript, the parties may meet and confer regarding an extension of time and any party may seek intervention from the Court if necessary.

(c)     if the Designating Party believes that a deposition question calls for disclosure of HIGHLY CONFIDENTIAL Discovery Material of the Designating Party and/or Discovery Material SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations, counsel for that Party may, before the witness answers, so state, and any persons in attendance who are not authorized under this Order to have access to such HIGHLY CONFIDENTIAL Discovery Material or Discovery Material SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations must then absent themselves for the duration of the testimony containing HIGHLY CONFIDENTIAL Discovery Material and/or Discovery Material SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations.  A Party's failure to so advance designate at a deposition shall not constitute a waiver of that Party's right to later designate such testimony as Protected Information pursuant to this Order.

5.2     <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate Protected Information does not waive the Designating Party's right to secure protection under this Order for such material as Protected Information.  Upon any such inadvertent failure to properly designate any Protected Information, reasonable arrangement will be made for the return to the Producing Party of all copies of the incorrectly designated documents(s) or destruction of such documents and for the substitution, where appropriate, of properly labeled copies of such documents.  The Receiving Party or Parties shall make all reasonable efforts to destroy all previously produced copies of such documents that were incorrectly designated upon receipt of replacement copies of such documents with the proper designation.  The Receiving Party shall verify in writing that it has destroyed said incorrectly designated documents or notify the Designating Party in writing when such documents cannot be reasonably destroyed within ten (10) calendar days from written notice from the Designating Party.  Notwithstanding this provision, no Receiving Party shall be required to return or destroy any incorrectly designated documents that may exist on any disaster recovery backup systems. Such materials should be overwritten and destroyed in the normal course of business.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

5.3     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.   If a Designating Party learns that information that it designated for protection does not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all parties that it is withdrawing the mistaken designation.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 251.

Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

## 7.     ACCESS TO AND USE OF PROTECTED INFORMATION

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Information that is disclosed or produced by another Party or by a Non-Party in connection with this action only for prosecuting,

**Hunton Andrews Kurth LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

defending, or attempting to settle this action.  Such Protected Information may be disclosed only to the categories of persons and under the conditions described in this Order.

7.2     Disclosure of CONFIDENTIAL Discovery Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel;

(b)     the owners, officers, directors, and current or former employees (including In-House Counsel) of the Receiving Party who are actively engaged in assisting counsel with the prosecution or defense of the action and to whom disclosure is reasonably necessary for this action and who have executed the Acknowledgment and Agreement to Be Bound;

(c)     testifying or consulting Experts retained by the Receiving Party in connection with this action and who have executed the Acknowledgment and Agreement to Be Bound;

(d)     Professional Vendors to whom disclosure is reasonably necessary for this action and who have executed the Acknowledgment and Agreement to Be Bound;

(e)     the Court and its personnel;

(f)     court reporters and their staff;

(g)     the author, custodian, or recipient of a document containing the information, or a custodian or other person who otherwise previously possessed the document;

(h)     witnesses who testify at deposition or at trial, provided that such witnesses (i) possess prior knowledge of such CONFIDENTIAL Discovery Material and execute a copy of Acknowledgement and Agreement to be Bound or affirm under oath to abide by this Protective Order before being shown or given any CONFIDENTIAL Discovery Material or (ii) are directors, officers, or employees of the Designating Party or an owner or parent of the Designating Party.  The witness shall be informed that this Order restricts the disclosure of the information, that he or she may consider and/or use the CONFIDENTIAL Discovery Material only for purposes of preparing to testify or testifying in this action and not for any other purpose, and that he or she is subject to the Court's jurisdiction for purposes of enforcing this Stipulated Protective Order.  No individual who is shown CONFIDENTIAL Discovery Material pursuant to this subsection shall be permitted to retain or keep

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

STIPULATED PROTECTIVE ORDER

2:20-CV-01781-JAM-KJN

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

copies of the CONFIDENTIAL Discovery Material.  For avoidance of doubt, the provisions regarding final disposition of Protected Material applies to CONFIDENTIAL Discovery Material disclosed to witnesses pursuant to this subsection.   To the extent possible, pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Information shall be separately bound by the court reporter.  Testimony that reveals Protected Information may not be disclosed to anyone except as permitted under this Stipulated Protective Order. Further, if all or part of a videotaped deposition contains Protected Information, the DVD (or videotape) container shall be so labeled; and

(i)       any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

7.3     Disclosure of HIGHLY CONFIDENTIAL Discovery Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to persons described above in subsections 7.2(a), (c), (d), (e), (f), and (g), and (i).   The Receiving Party may also disclose any information or item designated "HIGHLY CONFIDENTIAL" to In-House Counsel of the Receiving Party, provided that such In-House Counsel are actively engaged in assisting Outside Counsel with the prosecution or defense of the action, disclosure is reasonably necessary for this action, and have executed the Acknowledgment and Agreement to Be Bound.

In addition, a Party may disclose information designated "HIGHLY CONFIDENTIAL" to a witness or potential witness who authored or previously received the document in the course of business and to whom disclosure is reasonably necessary for this action and who has executed the Acknowledgment and Agreement to Be Bound.  To the extent the information or material purports to describe the conduct or statements of the person, he or she may be shown the particular portion of the information or material purporting to describe his or her conduct or statements, but only that portion and not the remainder of the information or material.   A Party intending to disclose HIGHLY CONFIDENTIAL Discovery Material to such a witness or potential witness who is not employed by the Designating Party or by an owner or parent of the Designating Party must provide written notice to the Designating Party identifying (by Bates number or other individually identifiable information) the HIGHLY CONFIDENTIAL Discovery Material intended to be disclosed. Should the disclosing

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

and Designating parties, after meeting and conferring, disagree as to whether the disclosure is reasonably necessary, the HIGHLY CONFIDENTIAL Discovery Material shall not be disclosed to the witness unless and until the Court orders such disclosure.

7.4    Disclosure of "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations". In addition to any confidentiality designation, information additionally designated "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" shall not be disclosed to any person who is not a U.S. Person as defined by the U.S. export control laws and regulations. Further:

(a)    Each Party or person who receives Discovery Materials designated as "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" shall have awareness of the restrictions placed on transmission of such material by U.S. export control laws and regulations, including but not limited to, the U.S. Arms Export Control Act, as amended, 22 U.S.C. §§ 2751–2799, the International Traffic in Arms Regulations, as amended, 22 C.F.R. §§ 120–130, the Export Administration act, as amended, 50 U.S.C. §§ 2401–2420, and the U.S. Export Administration Regulations, as amended, 15 C.F. R. § 730 *et seq.*, and shall adhere to all U.S. export control laws and regulations and requirements specified in those laws, rules and regulations;

(b)    If Discovery Materials designated "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" are stored on a server, access to the server shall be password protected, access to the server shall be limited to those persons identified in Section 7.3, and the server shall be maintained only by U.S. Persons as defined by the U.S. export control laws and regulations.

## 8.    PROTECTED INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information designated in this action as "CONFIDENTIAL," "HIGHLY

CONFIDENTIAL," and/or "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" then that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures pursued by the Designating Party whose Protected Information may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission; *provided, however,* that nothing in this Section authorizes or encourages a Receiving Party to disobey a lawful directive from another court.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

## 9.     PROTECTED MATERIAL PRODUCED IN THE ACTION BY A NON-PARTY

(a)     The terms of this Order are applicable to Protected Information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "SUBJECT TO EXPORT CONTROL—U.S. Arms Export Act, International Traffic In Arms Regulations, Export Administration Act, U.S. Export Administration Regulations"; *provided, however*, that nothing in these provisions prohibits a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request in this action, to produce a Non-Party's information in its possession, and the Party is subject to a Non-Disclosure

Agreement, confidentiality agreement, or other similar prohibition against production as to the Non-Party's information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested by the Non-Party, prior to producing the Non-Party's Information.

(c)     If the Non-Party fails to seek a protective order from this Court within 30 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's information responsive to the discovery request, so long as such production would not violate the Receiving Party's legal obligations to the Non-Party. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court; *provided, however,* that nothing in this Section authorizes or encourages a Receiving Party to disobey a lawful directive from another court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Information.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED INFORMATION**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the Acknowledgment and Agreement to Be Bound.

**Hunton Andrews Kurth LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## 11. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED INFORMATION

The production of privileged or work-product protected documents, electronically stored information, or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). To properly assert a privilege over produced information, the producing party will not have to satisfy the elements of Federal Rule of Evidence 502(b)—i.e., it will not have to show that the production was inadvertent, it will not have to show it took reasonable precautions to prevent the production, and it will not have to show that it took reasonably prompt measures to rectify the error once it knew or should have known of the production.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or other information (including metadata) for relevance, responsiveness, or segregation of privileged or protected information before production.

If a Producing Party or its counsel becomes aware that it has produced to a Receiving Party any document, information or material (including physical objects) that is, or contains information, protected by the attorney-client privilege, work product doctrine and/or any other applicable privilege or immunity (a "Potentially Privileged Document"), then the Producing Party must promptly notify counsel for each Receiving Party in writing and identify each Potentially Privileged Document with sufficient particularity to enable each Receiving Party to locate and return them to the Producing Party. Within 5 business days, the Receiving Party shall gather and return all copies of the privileged or protected materials to the Producing Party, or alternatively, destroy the privileged or protected materials and certify as such to the Producing Party, and take reasonable steps to sequester all work product that quotes from or otherwise includes copies of the information contained in the Potentially Privileged Document(s). Notwithstanding this provision, no Receiving Party shall be required to return or destroy any Potentially Privileged Documents that may exist on any disaster recovery backup systems. Such materials should be overwritten and destroyed in the normal course of business.

If such a claim of privilege or protection first becomes apparent during the conduct of a deposition, the Party claiming the privilege or protection may assert the claim on the record during the deposition and then promptly provide written notification, as described in the preceding paragraph, following the conclusion of the deposition.

If the Receiving Party disputes the claim of privilege, then after a document is returned or destroyed and takes reasonable steps to sequester all work product that quotes from or otherwise includes copies of the information contained in the Potentially Privileged Document(s) pursuant to this section, and after the parties meet and cover over the challenge, the Receiving Party may move the Court for an order compelling production of the document, but such party may not assert as a ground for entering such an order the mere fact of production or, in the case of documents, any other information identified from the contents of the clawed back information.

If a Party requests the return or destruction, pursuant to this section, of any information that it claims to be subject to a privilege or protection then in the custody of one or more other Parties, the possessing Parties shall not make further use of the information until such time as the Court has ruled on a motion respecting the claimed privilege or protection. Pursuant to ABA Model Rule 4.4, any lawyer to a Party who receives any information that the lawyer knows or reasonably should know was inadvertently sent by a Producing Party shall promptly notify the sender.

**12.   MISCELLANEOUS**

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

12.3   <u>Other Considerations</u>. Nothing in this Order shall (a) be deemed to limit or restrict in any manner a Party's right to use, or to authorize or consent to the use of, its own Protected Information; (b) be deemed to limit or restrict in any manner a Party's rights, if any, to use any

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

documents, materials, or information obtained independent of discovery in the action, whether or not such documents, materials, or information are also obtained through discovery in the action; (c) preclude the Parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Protected Information; (d) preclude any Party from filing a motion seeking greater, more limited, or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure; or (e) preclude any Party from filing a motion with respect to the manner in which Protected Information shall be treated at trial.

12.4    No Restricted Advice. Except as provided in Section 11 above, nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this litigation and, in the course thereof, relying on examination of Protected Information; *provided, however*, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

12.5    Filing Under Seal. Without written permission from the Designating Party or a Court order, a party may not file in the public record in this action any Protected Information.  A party seeking to file under seal any Protected Information must comply with Local Rule 141.  Filings may be made under seal only pursuant to a Court order authorizing the sealing of the specific material at issue.  The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal.  Because a party other than the Designating Party may often seek to file Protected Information, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential.  If a Receiving Party's request to file Protected Information under seal pursuant to Local Rule 141 is denied by the Court, then, unless otherwise instructed by the Court, the Receiving Party may file the material in the public record only after (1) the Designating Party has had the opportunity to seek reconsideration within four (4) days of the denial, and (2) the Designating Party has had the opportunity to request to certify any denial of reconsideration for direct interlocutory appeal within fourteen (14) days of the denial of reconsideration, and any such request to certify has been denied.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1

**13.    FINAL DISPOSITION**

2

3    After the Final Disposition of this action, within sixty (60) days of a written request by the

4    Designating Party, each Receiving Party must return all Protected Information to the Producing Party

5    or destroy such material. As used in this Section, "all Protected Information" includes all copies,

6    abstracts, compilations, summaries, reports, and any other format reproducing or capturing any of the

7    Protected Information. Whether the Protected Information is returned or destroyed, the Receiving

8    Party must submit a written certification to the Producing Party (and, if not the same person or entity,

9    to the Designating Party) by the 60-day deadline that confirms compliance with this Section.

10   Notwithstanding this provision, the Party's Outside Counsel shall be allowed to keep a complete set

11   of all pleadings, court filings, correspondence, and the attorney's work product even if those

12   documents include Protected Information or reference to Protected Information ("Attorney's File"),

13   unless a Party objects within thirty (30) days of the termination of the litigation to the Outside

14   Counsel's retention of any portion of the Attorney's File.  The Parties shall agree to confer regarding

15   any such objection and, in the event that it is not resolved by consent, shall bring it to the attention of

16   the Court for resolution. In any event, such Attorney's File shall continue to be subject to the

17   restrictions of this Order.

18   Notwithstanding anything to the contrary asserted herein, the obligations and requirements of

19   this Section shall apply to any Receiving Party who is dismissed from the action, at any time during

20   the proceedings, with immediate effect upon such dismissal.

21   //

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

**14.    CONSEQUENCES OF VIOLATION**

        Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings, and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated:  August 30, 2021                    **ROGERS JOSEPH O'DONNELL**
                                           Neil H. O'Donnell
                                           Lauren Kramer Sujeeth



                                           By:_____/s/ Lauren Kramer Sujeeth_____
                                                (as authorized on August 27, 2021)
                                                    Lauren Kramer Sujeeth
                                                    Attorneys for Plaintiff
                                                    CGI FEDERAL INC.

Dated:  August 30, 2021                    **HUNTON ANDREWS KURTH LLP**
                                           Ann Marie Mortimer
                                           Kirk A. Hornbeck
                                           Brandon Marvisi



                                           By: _____/s/ Ann Marie Mortimer_____
                                                    Ann Marie Mortimer
                                                    Attorneys for Defendant
                                                    AEROJET ROCKETDYNE, INC.

                            <u>**ORDER**</u>

        **FOR GOOD CAUSE SHOWN,** the Court hereby approves this Stipulation and Protective Order.

        **IT IS SO ORDERED.**

Dated:  September 1, 2021


                            _____
                            KENDALL J. NEWMAN
                            UNITED STATES MAGISTRATE JUDGE

**Hunton Andrews Kurth LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

## **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I_____[print or type full name] of _____

[print or type full address] declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on_____ [date] in the case of *CGI Federal Inc. v. Aerojet Rocketdyne, Inc.*, E.D. Cal. Case No. 2:20-CV-01781-JAM-KJN.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order only, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

STIPULATED PROTECTIVE ORDER

2:20-CV-01781-JAM-KJN