Ann Marie Mortimer (State Bar No. 169077)
amortimer@HuntonAK.com
Kirk A. Hornbeck (State Bar No. 241708)
khornbeck@HuntonAK.com
Brandon Marvisi (State Bar No. 329798)
bmarvisi@HuntonAK.com
**HUNTON ANDREWS KURTH LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: 213 • 532 • 2000
Facsimile: 213 • 532 • 2020

Attorneys for Defendant/Counterclaimant
AEROJET ROCKETDYNE, INC.

Neil H. O'Donnell (State Bar No. 057928)
nodonnell@rjo.com
Lauren Kramer Sujeeth (State Bar No. 259821)
lsujeeth@rjo.com
**ROGERS JOSEPH O'DONNELL**
311 California Street
San Francisco, California 94104
Telephone: 415 • 956 • 2828
Facsimile: 415 • 956 • 6457

Attorneys for Plaintiff
CGI FEDERAL INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CGI FEDERAL INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>AEROJET ROCKETDYNE, INC., an Ohio Corporation,<br><br>Defendant<br><br>AEROJET ROCKETDYNE, INC., an Ohio Corporation,<br><br>Counterclaimant,<br><br>v.<br><br>CGI FEDERAL INC., a Delaware Corporation<br><br>Counterclaim-Defendant. | Case No.: 2:20-CV-01781-JAM-KJN<br><br>**AMENDED STIPULATION TO MODIFY PRETRIAL SCHEDULING ORDER**<br><br><br><br><br><br><br><br><br><br><br><br>Complaint Filed:  September 3, 2020<br>FAC Filed:   November 18, 2020 |

Plaintiff and Counterclaim-Defendant CGI Federal, Inc. ("CGI"), on the one hand, and Defendant and Counterclaimant Aerojet Rocketdyne, Inc. ("AR"), on the other hand, by and through their respective counsel of record, hereby enter into the following stipulation and mutually request the Court enter an order, pursuant to Federal Rule of Civil Procedure 16(b)(4), in accordance herewith:

1. CGI commenced the instant action on September 3, 2020, and filed the operative First Amended Complaint ("FAC") on November 18, 2020.

2. On December 8, 2020, AR answered the FAC and asserted counterclaims against CGI. AR filed its First Amended Answer to the FAC and counterclaims on January 11, 2021.

3. CGI answered AR's counterclaims on December 24, 2020, and filed its First Amended Answer on January 25, 2021.

4. On February 17, 2021, the Court issued its Pretrial Scheduling Order, which, among other things: (a) set the expert witness disclosure deadline for November 8, 2021; (b) set the deadline for the completion of all discovery for January 28, 2021; and (c) set the trial for July 25, 2022.

5. The parties agreed to attempt to mediate their dispute prior to investing substantial resources in discovery.  The parties participated in a mediation with Judge Laporte of JAMS on July 20, 2021.  The case did not resolve.

6. The parties are diligently discharging their respective discovery obligations imposed by the Federal Rules of Civil Procedure.  The parties negotiated and signed an ESI agreement and a stipulated protective order, which the Court signed on September 1, 2021 (ECF No. 43).  While the parties have a number of discovery disputes between them, they are engaged in meaningful meet and confer discussions in an attempt to resolve those disputes without the need for Court intervention

7. To date, as part of discharging their respective discovery obligations:

(a) CGI has been diligent with respect to both seeking discovery it requires from AR and its own document collection and production efforts.  CGI served document requests on July 27, one week after the parties' mediation.  Upon receiving AR's written responses and objections, CGI carefully reviewed those and prepared a detailed meet and confer letter that enabled the parties to identify discovery disputes and work through those.  In addition, CGI has served six subpoenas on the

third parties with potentially relevant information and is in the process of reviewing produced materials. With respect to its own collection, review and production efforts, CGI collected over 3.7 million documents from over 50 custodians, including 3.6 million emails and attachments as well as 100,000 documents from CGI's internal Sharefile and Previa sites. Through application of search terms and other analytics, CGI identified over 1.3 million documents for potential review. CGI established a review team of more than 10 reviewers and will be adding an additional 5 reviewers to the team by October 15. CGI has already produced more than 90,000 documents consisting of nearly 300,00 pages from its own custodians and will continue to make substantial productions on a rolling basis in the future. In addition to its document production, CGI has provided AR with 37 pages of material in response to AR's interrogatories.

(b) AR collected nearly 2.4 million documents from an initial list of 13 custodians, and its original list of proposed search parameters yielded nearly 550,000 documents for potential review. At CGI's request, AR expanded its custodian list and increased the date range by three additional years, resulting in a new collection universe of 3.4 million documents from 21 custodians. At CGI's request and as a result of the good faith meet and confer process, AR is also adding additional terms to its search terms list, which AR anticipates will substantially increase the volume of potentially responsive documents. At current count, the documents identified by the search criteria, post deduplication and threading is at least 760,000 documents, but discussions between the parties are still ongoing and additional collections are likely to increase that volume.. AR has prioritized those documents for review using analytic technology, which, based on responsiveness determinations applied by counsel to sample sets of the search term hit documents, has ranked and prioritized the documents in the search term population for likelihood of responsiveness. To review those documents identified as most likely to be responsive, AR has employed a document review team consisting of 20 reviewers, which AR expanded to 35 reviewers, as of yesterday. Based on that approach, and pursuant to AR's confidential document review protocol, AR already has reviewed nearly 120,000 documents to date, a large majority of which are slated for production over the next several days. AR has already produced 5,131 documents of more than 46,000 pages from its own custodians' files on a rolling basis,

with additional productions to occur in the future.  In addition to AR's document production, AR has provided CGI with 64 pages of material in response to CGI's interrogatories and given CGI access to nearly 640,000 documents from CGI contractors using AR email accounts.

8. Given the magnitude of discoverable material, the parties' good faith effort to conserve judicial resources by attempting to resolve the case through mediation, and the parties' diligence in discharging their respective discovery obligations, good cause exists to modify the Pretrial Scheduling Order issued by the Court on February 17, 2021, to prevent the parties from being unfairly prejudiced absent a continuance of the existing deadlines in this case.  The current deadline for the parties to disclose their expert witnesses, and produce their respective expert reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), is November 8, 2021, but the parties' discovery efforts will not be substantially complete by that time.  As a result, any expert reports exchanged by the current deadline necessarily will be provisional and incomplete.  The parties also anticipate that a number of discovery disputes may arise or still be ongoing as of that November 8, 2021 disclosure date.

9. The parties also believe that a continuance of the expert disclosure deadlines alone will be insufficient to avoid prejudicing the parties given the dispositive motion-related deadlines in February, March, and May 2022.  The parties believe they need to evaluate each other's expert reports as part of having a meaningful discussion of whether cross-motions for summary judgment will be appropriate.  Accordingly, the parties believe that the sequencing of the deadlines set forth in the Court' Pretrial Scheduling Order should remain the same, but all deadlines, including trial, should be continued by five months to allow the parties to complete discovery and timely discharge their other obligations imposed by this Court's Pretrial Scheduling Order.

NOW, THEREFORE, based on the foregoing, and subject to the Court's approval, the parties stipulate and agree that all existing deadlines should be continued for five months as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| AR Document production substantially complete | | 12/31/2021 |
| CGI document production substantially complete | | 1/30/2022 |

| | | |
|---|---|---|
| Expert Witness Disclosures | 11/8/2021 | 5/9/2022 |
| Rebuttal / Supplemental Expert Disclosures | 11/22/2021 | 6/6/2022 |
| Discovery Completion Deadline[1] | 1/28/2022 | 7/28/2022 |
| Deadline to meet and confer on whether there will be cross-motions for summary judgment | 2/11/2022 | 8/11/2022 |
| Deadline to file dispositive motions | 3/11/2022 | 9/12/2022 |
| Hearing on dispositive motions | 5/3/2022; 1:30 pm | 11/1/2022; 1:30 pm |
| Final Pretrial Conference | 6/10/2022 | 2/3/2023; 11:00 am |
| Jury Trial (7-10 days) | 7/25/2022 | 3/13/2023; 9:00 am |

Dated: October 18, 2021

**ROGERS JOSEPH O'DONNELL**
Neil H. O'Donnell
Lauren Kramer Sujeeth

By: _____/s/ Lauren Kramer Sujeeth_____
Lauren Kramer Sujeeth
(as authorized on October 18, 2021)
Attorneys for Plaintiff
CGI FEDERAL INC.

Dated: October 18, 2021

**HUNTON ANDREWS KURTH LLP**
Ann Marie Mortimer
Kirk A. Hornbeck
Brandon Marvisi

By: _____/s/ Ann Marie Mortimer_____
Ann Marie Mortimer
Attorneys for Defendant
AEROJET ROCKETDYNE, INC.

---

[1] In this context, "completion" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

**<u>ATTESTATION</u>**

I, , am the ECF user whose ID and password are being used to file this document. In compliance with Local Rule 5-1(i)(3), I attest that concurrence in the filing of the document has been obtained from each of the other signatories.

Dated:  October 18, 2021                                             */s/  Ann Marie Mortimer*
                                                                                  Ann Marie Mortimer

# ORDER

**FOR GOOD CAUSE SHOWN,** the Court hereby ORDERS that the dates set forth in the Court's Pretrial Scheduling Order shall be continued for five months as outlined in the foregoing Stipulation.

**IT IS SO ORDERED.**

Dated: October 19, 2021                    /s/ John A. Mendez
                                           THE HONORABLE JOHN A. MENDEZ
                                           UNITED STATES DISTRICT COURT JUDGE